**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BACKCOUNTRY HUNTERS AND
ANGLERS, Colorado Chapter,

     Plaintiff - Appellant,

v.

UNITED STATES FOREST
SERVICE; KARA CHADWICK, in
her official capacity as Forest
Supervisor for the San Juan National
Forest; THOMAS TIDWELL, in his
official capacity as Chief of the United
States Forest Service,

     Defendants - Appellees,

and

COLORADO OFF-HIGHWAY
VEHICLE COALITION; TRAILS
PRESERVATION ALLIANCE; SAN
JUAN TRAIL RIDERS; PUBLIC
ACCESS PRESERVATION
ASSOCIATION; THE  BLUE
RIBBON COALITION,

     Intervenors - Appellees.

Nos. 13-1216 & 14-1137
(D.C. No. 1:11-CV-03139-MSK)
(D. Colo.)

DUNTON HOT SPRINGS, INC.;
RICO ALPINE SOCIETY; SAN JUAN
CITIZENS ALLIANCE,

     Amici Curiae.

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **GORSUCH**, and **BACHARACH**, Circuit Judges.

Backcountry Hunters & Anglers may be a victim of its own success. In 2009, the Forest Service adopted a trail management plan for the San Juan Forest. The plan permitted ATVs and motorcycles on certain forest trails. Backcountry's members object to motorized vehicles in the forest so the group challenged the plan in administrative proceedings. And soon enough it won a victory on procedural grounds — establishing that the Forest Service adopted the 2009 plan without first taking various steps required by the National Environmental Policy Act. In reply, the Forest Service in 2010 adopted a temporary order governing the forest's use until a more permanent replacement policy could be devised (something that still hasn't happened but the Service promises will happen soon). In the temporary 2010 order, the Service said that, for now at least, only motorcycles — and not other motorized vehicles — may use the trails in question. While a significant victory for Backcountry, the group wasn't entirely satisfied so it filed the current lawsuit seeking to undo the temporary 2010 order too. And

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

it's here where Backcountry encounters its problem. For if we were to grant the group the relief it seeks and strike down the 2010 order, the last valid and relevant trail plan — adopted in 1992 and supplemented in 1999 — would apply. *See Council Tree Commc'ns, Inc. v. FCC*, 619 F.3d 235, 258 (3d Cir. 2010). And the 1992/1999 order allows all sorts of vehicles (not just motorcycles) on the trails in question. So a victory for Backcountry in this case would seem to do nothing to help — and perhaps much to hurt — its cause. And by anyone's reckoning that's a problem, because to show standing to sue in federal court you have to show that it's "likely, as opposed to merely speculative" that you've suffered an injury that can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon v. E. Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976)) (internal quotation marks omitted).

Backcountry sees the standing problem and offers this way around it. It insists that the 1992/1999 order suffers from problems of its own and, while we're busy striking down the 2010 order, we might as well carry on and do the same for the 1992/1999 order. Doing that much, the group insists, will ensure it secures some meaningful relief. But this solution is no solution. Congress affords affected groups six years in which to contest administrative orders like the ones before us — and that time has long since passed for the 1992/1999 order. *See* 28 U.S.C. § 2401(a). Neither has Backcountry offered any legal or equitable tolling

argument that might allow it to overcome the congressionally specified limitations period and challenge such an old order now.

Stuck in this standing box, Backcountry attempted another and entirely different way out at oral argument. There, the group suggested for the first time — and somewhat surprisingly — that the 2010 temporary order allowing only motorcycles is actually more harmful to its interests than the 1992/1999 order permitting all sorts of motorized vehicles. On this basis, Backcountry suggested, a decision invalidating the 2010 order but leaving the 1992/1999 order in place would do something to advance its cause and so afford it standing. But whatever the plausibility of this argument, Backcountry never attempted it in the district court or during briefing in this court and we generally will not consider arguments advanced for the first time at oral argument on appeal. *See Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1510 n.5 (10th Cir. 1997).

In the end, then, we find ourselves stuck where we started. A further victory for Backcountry in this case promises only more, not fewer, vehicles on forest trails and the group hasn't offered a timely argument how that turn of events might help its members. Accordingly, we remand this matter to the district

court with instructions to vacate its judgment on the merits for the Forest Service

and dismiss the case for lack of jurisdiction.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge